United States District Court
Southern District of Texas
**ENTERED**
February 25, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ADAM RAY, SPN #02902212, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-24-4147 |
| HARRIS COUNTY SHERIFFS OFFICE DETENTION CENTER | § § § § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

The plaintiff, Christopher Adam Ray (SPN #02902212), a pretrial detainee at the Harris County Jail, has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1). Ray represents himself and has leave to proceed without prepayment of the filing fee. Because Ray is a prisoner who proceeds <u>in forma pauperis</u>, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); <u>see also</u> 28 U.S.C. § 1915(e)(2)(B). After considering the pleadings and the plaintiff's litigation history, the court concludes that this case must be dismissed for the reasons

explained below.

## I. **Background**

Ray is currently a pretrial detainee at the Harris County Jail.[1] The only defendant named by Ray is the Harris County Sheriff's Office Detention Center.[2]

Ray alleges that he is being denied mental health services because he continues to be transferred out of state to the LaSalle Correctional Center ("LCC") in Louisiana and the LCC does not offer mental health services.[3] Ray states that he takes antipsychotic medication for schizophrenia.[4] Invoking 42 U.S.C. § 1983, Ray asks that the defendant stop refusing him mental health services by transferring him to the LCC[5]

---

[1] Complaint, Docket Entry No. 1, p. 3. For purposes of identification all page numbers reference the pagination imprinted on each docket entry by the court's electronic case filing ("ECF") system.

[2] Id. at 1, 3. The proper name for the "Harris County Sheriff's Office Detention Center" is the Harris County Jail. The Harris County Sheriff's Office is tasked with running the jail.

[3] Id. at 4.

[4] Id.

[5] Id.

## II. Discussion

Court records show that the Complaint in this case duplicates allegations made by Ray in another civil action filed by him that is currently pending in this district. See Ray v. Gonzalez, Civil No. H-24-3808 (S.D. Tex.) (Docket Entry No. 1). In that case, Ray alleges that he is being denied access to mental health services at the Harris County Jail, including by being transferred to the LCC where mental health services are not provided. (See id. at pp. 4-5, 7). He states that he wants to stop being transferred to the LCC. (See id. at p. 6). The complaint in Civil No. H-24-3808 has been served and the defendant, Sheriff Ed Gonzalez, has recently filed an answer. (See Ray v. Gonzalez, Civil No. H-24-3808, Docket Entry No. 13 and Docket Entry No. 15).

A complaint filed by a litigant who proceeds in forma pauperis may be dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B) "if it duplicates claims that the same plaintiff has raised in previous or pending litigation." Lewis v. Secretary of Public Safety and Corrections, 508 Fed. App'x 341, 343-44 (5th Cir. 2013) (per curiam) (citing Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir.1993) and Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989)). The Fifth Circuit has held that "a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff." Shakouri v. Davis, 923 F.3d 407, 410 (5th Cir. 2019) (citing Bailey

v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)). "Even if lawsuits name different defendants, they are still duplicative and subject to dismissal if both suits are based on the same operative facts and allegations."[6] Holm v. Comal County Sheriff's Office, No. SA-20-CV-00826-XR, 2020 WL 4227438, at *1 (W.D. Tex. July 23, 2020) (citing Lewis, 508 Fed. App'x at 344 n.2)).

Because Ray has made the same claim in another lawsuit, the court concludes that the pending Complaint is subject to dismissal as malicious. See, e.g., Wilson, 878 F.2d at 847 (duplicative claims may be dismissed sua sponte). The dismissal will be without prejudice as to Ray's prosecution of the claims in Civil No. H-24-3808. See Pittman, 980 F.2d at 995 (explaining that when "the district court [is] confronted with the later-filed action [it] should dismiss it in favor of the case that was filed earlier" and that the dismissal should be "without prejudice to [the

---

[6] The court observes that in this case, Ray names the "Harris County Sheriff's Office Detention Center" as the only defendant. As a subdivision of Harris County, however, the Harris County Jail does not have the capacity to be sued as required by Federal Rule of Civil Procedure 17(b). See Aguirre v. Harris County Sheriff's Office, Civil No. H-11-3440, 2012 WL 6020545, at *2 (S.D. Tex. Nov. 30, 2012); Lane v. Harris County Jail Medical Department, Civil No. H-06-0875, 2006 WL 2868944, at *7 (S.D. Tex. Oct. 5, 2006); see also Potts v. Crosby Independent School District, 210 F. App'x 342, 344-45 (5th Cir. 2006) (per curiam) (upholding dismissal of claims against the Harris County Sheriff's Department on the grounds that, as a "non sui juris division of Harris County," it lacked the capacity to be sued) (citing Darby v Pasadena Police Department, 939 F.2d 311, 313 (5th Cir. 1991)). In Civil No. H-24-3808, Ray named Sheriff Ed Gonzalez as the defendant. Sheriff Gonzalez ostensibly possesses the authority to grant the relief sought in this case—that is, whether transfer of Ray to the LCC should continue.

plaintiff's] prosecution of the duplicative pending suit").

## IV.  Conclusion and Order

Based on the foregoing, it is **ORDERED** that the Complaint filed by Christopher Adam Ray (Docket Entry No. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) as duplicative and malicious.  This dismissal is **WITHOUT PREJUDICE** as to Ray's prosecution of the claims in Civil No. H-24-3808.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.  The Clerk will also send a copy to the Manager of the Three Strikes List at Three_Strikes@txs.uscourts.gov

**SIGNED** at Houston, Texas, on this 25th day of FEBRUARY, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE